UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REV. NOLAN McKENZIE,

        Plaintiff,                Case No. 11-14911

v.

                                 HON. AVERN COHN

OFFICE DEPOT STORE, and
OFFICE DEPOT/CORPORATE, INC.,

        Defendants.
_____/

## ORDER OF DISMISSAL

I.

Plaintiff Rev. Nolan McKenzie, proceeding pro se has filed a complaint naming "Office Deport Store Attn: Mr. Doug Kratz and Office Depot/Corporate, Inc., Attn: Ms. Vera Barber" as defendants. Plaintiff did not pay the filing fee. Although plaintiff did not request permission to proceed without payment of the filing fee (IFP), the Court assumes that plaintiff makes such a request and GRANTS him IFP status. See 28 U.S.C. § 1915. However, for the reasons which follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to complaints filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune

from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

III.

The Court has read the complaint, titled "Blatant Discrimination Within the 21st Century." It is virtually unintelligible. From what can be gleaned, plaintiff, who says he is physically disabled, complains of actions taken by Office Depot relative to deliveries at his home. He also says defendants have treated him differently "than a white person." He seeks compensatory damages in excess of $5 million dollars. The Court also notes that plaintiff lists a Kansas address for himself and names an Office Depot in Kansas and an Office Depot in Florida as defendants. There is no discernable connection to Michigan. Moreover, the Court cannot identify an arguable claim, state or federal, which would give rise to a proper civil action. Overall, the complaint must be dismissed as frivolous.

Accordingly, this case is DISMISSED. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: November 10, 2011

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

**11-11491 McKenzie v. Office Depot Store, et al**
**Order of Dismissal**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Nolan McKenzie, 11614 Foster Street, Overland Park, KS 66210 on this date, November 10, 2011, by electronic and/or ordinary mail.

   S/Julie Owens
Case Manager, (313) 234-5160